UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE BROOKS, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>GREYSTAR REAL ESTATE PARTNERS, LLC, GREYSTAR CALIFORNIA INC., et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 23cv1729-LL-VET<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY JULY 19, 2024 ORDER FOR INTERLOCUTORY APPEAL**<br><br>[ECF No. 45] |

　　Before the Court is a Motion to Certify the July 19, 2024 Order for Interlocutory Appeal ("Motion") filed by Plaintiff Philip McGill ("Plaintiff"). ECF No. 45 ("Mot."). Defendants Greystar California, Inc. and Greystar Real Estate Partners, LLC (collectively "Greystar" or "Defendants") filed an Opposition to the Motion [ECF No. 46 ("Oppo.")] and Plaintiff filed a Reply [ECF No. 47 ("Reply")]. The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. Upon review of the parties' submissions and the applicable law, the Court **DENIES** the Motion.

/ / /

/ / /

## I. BACKGROUND

### A. Procedural History

In the First Amended Complaint ("FAC"), Plaintiff Philip McGill ("McGill"), along with five other Plaintiffs, sue Greystar and almost 480 different Defendants ("Entity Defendants") in a putative class action, claiming Greystar unlawfully withheld portions of their security deposits without providing required statutory disclosures. ECF No. 10 ¶ 6. Plaintiffs allege that Greystar "owns, controls and/or manages" hundreds of properties on behalf of Entity Defendants. *Id*. ¶¶ 29, 35. On January 19, 2024, Plaintiffs voluntarily dismissed the 478 Entity Defendants. ECF No. 30.

On July 19, 2024, the Court issued an order granting Defendants' motion to compel arbitration as to Plaintiff but denying their motion to stay, finding a stay would result in needless delay with no discernible benefit because resolution of one named Plaintiff's arbitrable claims on an individual basis would not bind the Court with respect to the non-arbitrable class claims. ECF No. 44 at 13–14.

On August 21, 2024, Plaintiff filed the instant Motion. Mot.

On September 26, 2024, the Court issued an order granting in part and denying in part Defendants' motion to strike and motion to dismiss the FAC. ECF No. 48.

On October 3, 2024, Plaintiffs filed a Second Amended Complaint ("SAC"). ECF No. 49.

On October 31, 2024, Defendants filed a motion to dismiss the SAC, which is pending. ECF No. 52.

### B. July 19, 2024 Order Granting Motion to Compel Arbitration

In granting the motion to compel arbitration, the Court found Plaintiff assented to arbitration as part of his agreement to the lease contract for his apartment rental, that the Federal Arbitration Act ("FAA") applies to the arbitration agreement, and that Defendants may enforce the arbitration agreement. ECF No. 44 at 4–9.

In this Motion, Plaintiff only contests the second finding regarding the FAA's applicability to the arbitration agreement. That section of the order is as follows:

23cv1729-LL-VET

> The Court finds the FAA applies to the Arbitration Agreement. The FAA "makes contracts to arbitrate 'valid, irrevocable, and enforceable,' so long as their subject involves 'commerce.'" *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) (quoting 9 U.S.C. § 2). "Real estate rental is an activity that affects interstate commerce as a matter of law." *Cho v. Casnak LLC*, No. 222CV04642JLSAFM, 2022 WL 16894869, at *3 (C.D. Cal. Sept. 7, 2022) (citing *Russell v. United States*, 471 U.S. 858, 862 (1985)) (finding that the rental of both commercial and residential real estate is an economic activity that affects interstate commerce and that the FAA governs rental leases). Because real estate rental involves interstate commerce, the FAA's reach applies to real estate leases such as the Lease at issue here. *See Hall St. Assocs., L.L.C.*, 552 U.S. at 590; *Russell*, 471 U.S. at 862; *Cho*, 2022 WL 16894869, at *3. The Court is not persuaded by Plaintiffs' mistaken argument that only commercial real estate rentals are governed by the FAA, nor by their citations to cases that involve one-time real estate sales and not leases. *See* ECF No. 36 at 23–25; *Russell*, 471 U.S. at 862 (finding the rental of real estate unquestionably affects commerce, and the local rental of an apartment unit is a part of that broad commercial market in rental properties); *A-1 A-Lectrician, Inc. v. Commonwealth Reit*, 943 F. Supp. 2d 1073, 1078 (D. Haw. 2013), *amended* (June 27, 2013) (distinguishing cases involving one-time real estate sales as inapplicable to whether the FAA governs real estate leases).
>
> The Court also finds that FAA preemption applies, overriding California state arbitration laws, including California Civil Code section 1953. "In recognition of Congress' principal purpose of ensuring that private arbitration agreements are enforced according to their terms, we have held that the FAA pre-empts state laws which require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989) (internal quotation marks and citation omitted). Thus, to the extent that California Civil Code section 1953 prohibits arbitration, it is preempted by the FAA. *See id.*; *AT&T Mobility LLC*, 563 U.S. at 341 ("When state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA.").

*Id.* at 8–9.

## II. LEGAL STANDARD

"Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order . . . directing arbitration to proceed under section 4 of this title." 9 U.S.C. § 16. Under § 1292(b), a district court may only certify an order for

interlocutory appeal if the moving party demonstrates that the order (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion, and" (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

## III.  DISCUSSION

As stated above, Plaintiff seeks interlocutory appeal on the Court's finding that the FAA preempts California's ban on arbitration clauses in residential leases. Mot. at 2.

Plaintiff argues that there is substantial difference of opinion on the issue because there is no controlling precedent and courts have disagreed on it. Mot. at 6–7. Defendants oppose, arguing that the Court relied on related but distinct well-established legal precedents to reach its finding and distinguishing the cases that Plaintiff cites as evidence of disagreement. Oppo. at 8, 10.

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). "Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id.* (internal quotation marks and citation omitted). "However, just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal. *Id.* (internal quotation marks and citation omitted). "That settled law might be applied differently does not establish a substantial ground for difference of opinion." *Id.*

Although there is no binding precedent on this exact issue—whether the FAA preempts state law prohibiting arbitration in residential leases—the Court finds that its determination was based on clear and unambiguous controlling opinions. First, it relied on a Supreme Court opinion that the FAA "makes contracts to arbitrate 'valid, irrevocable,

and enforceable,' so long as their subject involves 'commerce.'" *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) (quoting 9 U.S.C. § 2). This is language directly from the FAA that states as follows:

> A written provision in any maritime transaction or a contract evidencing a transaction *involving commerce* to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract or as otherwise provided in chapter 4.

9 U.S.C. § 2 (emphasis added). In Plaintiff's Reply, he contends that the Court's reliance on opinions finding that real estate rental "affects" interstate commerce is contrary to the term "involving commerce" and what it means. Reply at 6–7. Plaintiff relies on *Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265 (1995), but his reliance is misplaced. In *Allied-Bruce*, the Court found that the FAA's phrase "a contract evidencing a transaction involving commerce" is to be read broadly, "extending the Act's reach to the limits of Congress' Commerce Clause power." *Id.* at 268. It contemplated whether the Act "used language about interstate commerce that nonetheless limits the Act's application, thereby carving out an important statutory niche in which a State remains free to apply its antiarbitration law or policy," and concluded that it does not. *Id.* at 272–73. The *Allied-Bruce* Court examined "the statute's language, background, and structure" and concluded "that the word 'involving' is broad and is indeed the functional equivalent of 'affecting.'" *Id.* at 273–74. In considering what the phrase "evidencing a transaction" means, it also took the broader interpretation and found the Act requires that the "'transaction' in fact 'involv[e]' interstate commerce, even if the parties did not contemplate an interstate commerce connection." *Id.* at 281. Defendants correctly point out that the rental lease at issue does in fact involve interstate commerce because, as one example, Defendants and a number of the property owners reside in other states. Oppo. at 10. Plaintiff instead appears to argue that there is no controlling opinion that residential leases *involve* interstate commerce, and that if they do not, they cannot "in fact" involve interstate commerce. Mot.

at 7; *see* Reply at 6–7. That is the subject of the second finding that this Court made, which it addresses next.

Second, the Court relied on a Supreme Court opinion, and a district court opinion that cited it, that found the rental of real estate unquestionably affects commerce and the local rental of an apartment unit is a part of that broad commercial market in rental properties. ECF No. 44 at 8–9; *Russell v. United States*, 471 U.S. 858, 862 (1985); *Cho v. Casnak LLC*, No. 222CV04642JLSAFM, 2022 WL 16894869, at *3 (C.D. Cal. Sept. 7, 2022) (citing *Russell v. United States*, 471 U.S. 858, 862 (1985)). Plaintiff argues that other courts "have noted the limited utility of *Russell*, which only dealt with whether an apartment affects commerce for purpose of a federal criminal statute." Mot. at 7. However, the three cases Plaintiff cites are inapposite. Plaintiff relies on *U.S. v. Corona*, 108 F.3d 565 (5th Cir. 1997), but the property at issue in that case was "neither rented nor on the rental market" and was "hardly different from a private home." *Id.* at 569. Plaintiff also cites *Terkel v. Centers for Disease Control & Prevention*, 521 F. Supp. 3d 662 (E.D. Tex. 2021), but that court noted that the issue before it was "only eviction" and "the challenged order does not change a landlord's or tenant's financial obligations," distinguishing *Russell* as a case that decided "whether an apartment building 'affect[ed] commerce' within the meaning of a statute" while its case involved the federal government's commerce power under Article I of the Constitution. *Id.* at 672, 676 (citations omitted). Plaintiff's reliance *Jeffers v. Babera Mgmt. Corp.*, No. CV 14-00787-RGK ASX, 2014 WL 2526960 (C.D. Cal. June 3, 2014), is also inapposite because that court's decision was due to the lack of argument from the moving party. *Id.* at *1–2. The defendant in *Jeffers* argued that the case was filed in federal court, and under federal law, the FAA applied. *Id.* at *1. The defendant did not mention *Russell* and after noting defendant "offered no argument regarding this transaction's effect on interstate commerce," the district court found a "residential lease agreement for California property, entered into by California residents, did not affect interstate commerce." *Id.* at *2.

Because Plaintiff's examples of cases that limit *Russell*'s application are inapposite, the Court finds *Russell* is well-settled regarding its holding that the rental of real estate affects interstate commerce. Although *Russell* involved a criminal statute rather than the FAA, there is nothing to indicate its finding was limited to that statute. The *Allied-Bruce* Court even referenced *Russell* favorably in its analysis of the FAA, for the *Russell* Court's finding that the phrase "'any building . . . used . . . in any activity affecting interstate or foreign commerce' expresses an intent by Congress to exercise its full power under the Commerce Clause." *See Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. at 273 (citing *Russell v. United States*, 471 U.S. at 859); *Russell v. United States*, 471 U.S. at 859.

Finally, the Court relied on two Supreme Court cases in finding that state laws prohibiting arbitration of claims that contracting parties agreed to resolve by arbitration are preempted by the FAA. ECF No. 44 at 9; *AT&T Mobility LLC*, 563 U.S. 333, 341 (2011) ("When state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA."); *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989) ("In recognition of Congress' principal purpose of ensuring that private arbitration agreements are enforced according to their terms, we have held that the FAA pre-empts state laws which require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." (internal quotation marks and citation omitted)). Plaintiff does not argue that *AT&T Mobility* or *Volt* are not well-established controlling law.

The Court finds there is not "such a substantial difference of opinion as will support an interlocutory appeal." *See Couch*, 611 F.3d at 633. The Court's finding that the FAA preempts California Civil Code section 1953 prohibiting arbitration in residential leases was founded on three distinct but related controlling legal precedents, and Plaintiff does not show that courts have differed as to those three well-established findings. Therefore, the Court finds there is no "substantial ground for difference of opinion" necessary for

interlocutory appeal. *See id.* ("That settled law might be applied differently does not establish a substantial ground for difference of opinion.").

## IV. CONCLUSION

For the reasons stated above, the Court finds the element of "substantial ground for difference of opinion" to be dispositive, declines to reach Plaintiff's arguments on the remaining elements, and **DENIES** the Motion.

**IT IS SO ORDERED**.

Dated: March 31, 2025

_____
Honorable Linda Lopez
United States District Judge

8

23cv1729-LL-VET