SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MARK G. RACKERS, Cal Bar No. 254242
LISA YUN PRUITT, Cal Bar No. 280812
ANNA JANE I. ZARNDT, Cal Bar No. 327719
501 West Broadway, 18th Floor
San Diego, California 92101-3598
Telephone:  619.338.6500
Facsimile:  619.234.3815
Email:      mrackers@sheppardmullin.com
            lpruitt@sheppardmullin.com
            azarndt@sheppardmullin.com

Attorneys for Defendants
GREYSTAR REAL ESTATE PARTNERS,
LLC and GREYSTAR CALIFORNIA, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE BROOKS, LAURA SEIGEL; TIFFANY VINSON, PHILIP MCGILL, ANNIE CASTNER, CHERELLE BLOUNT, individually, and on behalf of all others similarly situated; and ROES 1 through 100 inclusive,<br><br>   Plaintiffs,<br><br>  v.<br><br>GREYSTAR REAL ESTATE PARTNERS, LLC, a Delaware Limited Liability Company; GREYSTAR CALIFORNIA, INC., a Delaware Corporation; et al.,<br><br>   Defendants. | Case No. 3:23-cv-01729-LL-VET<br><br>**DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT**<br><br><br>Assigned to: Hon. Linda Lopez<br>Courtroom 5D – 5th Floor |

SMRH:4931-3005-1676.6

Defendants[1] Greystar Real Estate Partners, LLC ("GREP") and Greystar California, Inc. ("Greystar California," and collectively at times with GREP, "Defendants") submit the following answer and affirmative defenses to the Third Amended Complaint ("TAC") of Plaintiffs Ronnie Brooks, Laura Seigel, Tiffany Vinson, Annie Castner, and Cherrelle Blount (collectively, "Plaintiffs").

## I. INTRODUCTION[2]

1. In response to paragraph 1, the website referenced in footnote 1 speaks for itself and no further response is required. To the extent that the averments in paragraph 1 inaccurately explain, characterize, interpret or paraphrase the website, the same are denied. Defendants deny that either defendant "is the largest landlord in the United States" and deny that either defendant owns "residential units." Defendants lack sufficient information and knowledge regarding the remaining allegations of paragraph 1 and on that basis deny them.

2. Defendants deny the allegations of paragraph 2.

3. In response to paragraph 3, Defendants do not respond to the legal conclusions about California Civil Code section 1950.5 ("Section 1950.5") as no response is required. To the extent a response is required, Defendants deny these allegations.

4. In response to paragraph 4, Defendants do not respond to the legal conclusions about Section 1950.5 as no response is required. To the extent a response is required, Defendants deny these allegations.

---

[1] The TAC repeatedly refers to GREP and Greystar California collectively as "Greystar," as if they are a single entity. This is not accurate. GREP and Greystar California are separate entities that operate independently.

[2] Defendants object to all headings and subheadings in the TAC that reference Defendants or make factual allegations. Any use of such headings or subheadings in this Answer is solely for organizational purposes and convenience, and Defendants do not admit or adopt the substance of any such headings or subheadings.

5. Defendants deny the allegations of paragraph 5.

6. Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and other former residents of properties managed by Greystar California, but deny that a class should be certified here and deny that Plaintiffs are entitled to any relief. Defendants deny the remaining allegations of paragraph 6.

## II.   JURISDICTION

7. In response to paragraph 7, Defendants do not respond to the legal conclusions about the Court's jurisdiction as no response is required.

8. In response to paragraph 8, Defendants do not respond to the legal conclusions about the Class Action Fairness Act of 2005 as no response is required. Defendants deny that a class should be certified here.

9. Defendants deny the allegations of paragraph 9.

10. In response to paragraph 10, Defendants do not respond to the legal conclusions about the diversity of citizenship as no response is required. Defendants lack sufficient information or knowledge regarding whether Plaintiffs are citizens and residents of California. Defendants admit that GREP and Greystar California's principal address is located in Charleston, South Carolina.

## III.   VENUE

11. In response to paragraph 11, Defendants do not respond to the legal conclusions about venue as no response is required. Defendants admit that Plaintiffs lived in multifamily rental properties in California that were managed by Greystar California. Defendants lack sufficient information or knowledge regarding whether those properties withheld security deposits of each Plaintiff as the deposits could have been paid by third parties. Defendants deny any remaining allegations of paragraph 11.

## IV.   CERTAIN AVERMENTS UPON INFORMATION AND BELIEF

12. Though no response is required for paragraph 12, Defendants incorporate their previous responses and their responses below.

## V.   PARTIES

### A.   The Plaintiffs

13.   Defendants admit that Plaintiff Vinson resided at Gema in San Diego, California, which is currently managed by Greystar California.  Defendants also admit that Greystar California manages multifamily rental properties in California.  Defendants do not respond to the legal conclusion of whether Vinson is a citizen of the State of California as no response is required.  Defendants specifically deny that the definition of "APARTMENT COMPLEXES"[3] is accurate.  Defendants deny that GREP manages and operates multifamily rental properties in California.  Defendants further deny the allegation that any California multifamily properties that are managed by Greystar California are "uniformly subjected to [an] unlawful security deposit administration scheme."  Defendants deny the remaining allegations of paragraph 13 and footnote 2.

14.   No response is required as to Phillip McGill as he was compelled to arbitration.  To the extent a response is required, Defendants admit that McGill resided at Tenth&G Apartments in San Diego, California, which is currently managed by Greystar California.  Defendants do not respond to the legal conclusion of whether McGill is a citizen of the State of California as no response is required.  Defendants deny the remaining allegations of paragraph 14.

15.   Defendants admit that Plaintiff Brooks resided at Solaire in Temecula, California, which is currently managed by Greystar California.  Defendants do not respond to the legal conclusion of whether Plaintiff Brooks is a citizen of the State of California as no response is required.  Defendants deny the remaining allegations of paragraph 15.

---

[3]   Defendants deny each dond every allegation concerning the "APARTMENT COMPLEXES," whether or not such allegations are specifically denied herein.

16.     Defendants admit that Plaintiff Seigal resided at The Breakwater in Huntington Beach, California, which is currently managed by Greystar California. Defendants do not respond to the legal conclusion of whether Plaintiff Seigal is a citizen of the State of California as no response is required.  Defendants deny the remaining allegations of paragraph 16.

17.     Defendants admit that Plaintiff Castner resided at Calypso Apartments and Lofts in Orange County, California, which is currently managed by Greystar California.  Defendants do not respond to the legal conclusion of whether Plaintiff Castner is a citizen of the State of California as no response is required.  Defendants deny the remaining allegations of paragraph 17.

18.     Defendants admit that Plaintiff Blount resided at The Frederic in Sacramento, California, which was managed by Greystar California from June 15, 2021, through November 12, 2024.  Defendants do not respond to the legal conclusion of whether Plaintiff Blount is a citizen of the State of California as no response is required.  Defendants deny the remaining allegations of paragraph 18.

19.     Defendants lack sufficient information or knowledge regarding the allegations about ROES 1 through 100 and on that basis deny them.

20.     Defendants deny that a class exists or should be certified here. Defendants deny that they caused any injuries to any former or current residents of California multifamily rental properties managed by Greystar California. Defendants deny that they are "headquartered" in California and deny that they own multifamily rental properties in California.  Defendants deny that GREP "primarily, if not exclusively, do[es] business within California."  Defendants lack sufficient information or knowledge regarding the remaining allegations of paragraph 20 and on that basis deny them.

**B.      The Defendants**

   **1.      *Greystar***

21.    Defendants admit that GREP is a Delaware limited liability company with its principal place of business in Charleston, South Carolina.

22.    Defendants admit that Greystar California is a Delaware corporation with its principal place of business in Charleston, South Carolina.  Defendants admit that Greystar California and GREP are affiliates and that Greystar California is a property manager for various multifamily rental properties in California.  Defendants deny the remaining allegations of paragraph 22.

23.    Defendants admit that Plaintiffs purport to refer to "properties that GREYSTAR manages and/or operates" as "APARTMENT COMPLEXES" but deny that the definition of the phrase "APARTMENT COMPLEXES" alleged in footnote 2 is accurate.  Defendants deny that GREP manages and operates multifamily rental properties in California.  Defendants further deny the allegation that any California multifamily properties that are managed by Greystar California are "uniformly subjected to [an] unlawful security deposit administration scheme."  Defendants deny the remaining allegations of paragraph 23.

24.    Defendants admit that Plaintiffs purport to refer to entities that hold title to APARTMENT COMPLEXES as "SPEs," but deny that the definition of APARTMENT COMPLEXES as alleged in footnote 2 is accurate.  Accordingly, Defendants also deny that the definition of SPEs, as dependent on the definition of APARTMENT COMPLEXES, is accurate.

25.    Defendants admit that GREP and Greystar California are affiliates of Greystar Worldwide LLC.  Defendants lack sufficient information or knowledge regarding the remaining allegations of paragraph 25 and on that basis deny them.

26.    Defendants admit that Greystar California provides property management services.  Defendants admit that GREP and Greystar California's principal address is in Charleston, South Carolina.  Defendants lack sufficient

information or knowledge regarding the remaining allegations of paragraph 26 and on that basis deny them.

27.    Defendants admit that Greystar California is a privately held corporation.  Defendants admit that GREP was founded by Bob Faith.  With respect to the allegations in paragraph 27 concerning an alleged "Greystar webpage", the linked webpage speaks for itself and no further response is required.  To the extent that the averments in paragraph 27 explain, characterize, interpret or paraphrase the webpage, the same are denied.  Defendants deny the remaining allegations of paragraph 27.

28.    With respect to the allegations in paragraph 28 concerning an alleged "Greystar webpage", the linked webpage speaks for itself and no further response is required.  To the extent that the averments in paragraph 28 explain, characterize, interpret or paraphrase the website, the same are denied.

29.    Defendants admit that Greystar California acts as a property manager for certain multifamily properties in California.  Defendants deny the remaining allegations of paragraph 29.

30.    Defendants deny the allegations of paragraph 30.

31.    Defendants admit that Greystar California serves as a property manager of certain multifamily properties in California on behalf of third party owners.  Defendants deny the remaining allegations of paragraph 31, including because they refer to "APARTMENT COMPLEXES" defined in footnote 2 as "multifamily rental properties that GREYSTAR manages and operates . . . which are uniformly subjected to its unlawful security deposit administration scheme."

32.    Defendants admit that Greystar California manages certain multifamily properties in California on behalf of third party owners and admit that Greystar California oversees the administration of security deposits.  Defendants deny the remaining allegations of paragraph 32.

33.    Defendants deny the allegations of paragraph 33.

34.     In response to paragraph 34, Defendants do not respond to the legal conclusions about whether Defendants are "landlords" under Section 1950.5 or whether it was acting within its scope of agency as no response is required.  To the extent a response is required, Defendants deny these allegations.  Defendants deny the remaining factual allegations of paragraph 34.

### 2.     *Single Purpose Entity ("SPEs")*

35.     Defendants admit that Greystar California has the authority to handle property management functions for certain multifamily rental properties in California, including security deposit administration.  Defendants deny the remaining allegations of paragraph 35.

36.     In response to paragraph 36, Defendants do not respond to the legal conclusions as no response is required.  Defendants admit that Greystar California acts as the agent for third party owners and on behalf of the owners, Greystar California administers resident security deposits at various multifamily rental properties in California.  Defendants deny the remaining allegations of paragraph 36.

37.     Defendants deny the allegations in paragraph 37, including because they refer to "APARTMENT COMPLEXES" as defined in footnote 2 as "multifamily rental properties that Greystar manages and operates ... which are uniformly subjected to its unlawful security deposit administration scheme," and further deny the allegations relating to the term "SPEs," which relies on the definition of "APARTMENT COMPLEXES."  Defendants lack sufficient information or knowledge regarding the remaining allegations of paragraph 37 and on that basis deny them.

38.     Defendants admit that Greystar California is engaged in property management for various multifamily rental properties in California, which could involve leasing, collection of rents and other charges, on-site property management,

repairs and maintenance, inspections, and security deposit administration. Defendants deny the remaining allegations of paragraph 38.

39.    Defendants deny the allegations in paragraph 39, including because they refer to "APARTMENT COMPLEXES" as defined in footnote 2 as "multifamily rental properties that Greystar manages and operates ... which are uniformly subjected to its unlawful security deposit administration scheme," and further deny the allegations relating to the term "SPEs," which relies on the definition of "APARTMENT COMPLEXES."  As to the remaining allegations, Defendants lack sufficient information or knowledge (e.g., regarding "appearances") and on that basis deny them.

40.    Defendants admit that Plaintiff Seigal resided at The Breakwater Apartments in Huntington Beach, California.  With respect to the allegations in paragraph 40 concerning The Breakwater website, the website speaks for itself and no further response is required.  To the extent that the averments in paragraph 40 explain, characterize, interpret or paraphrase the website, the same are denied. Defendants deny that there is a "standard GREYSTAR website and online portal." Defendants admit that the assistant community manager at The Breakwater used the email address breakwateragr@greystar.com to communicate with Plaintiff Seigal and other residents.

41.    Defendants admit that Plaintiff Blount resided at The Frederic apartments in Sacramento, California.  With respect to the allegations in paragraph 41 concerning The Frederic website, the website speaks for itself and no further response is required.  To the extent that the averments in paragraph 40 explain, characterize, interpret or paraphrase the website, the same are denied.  Defendants deny that there is a "standard GREYSTAR website and online portal."  Defendants admit that the community manager at The Frederic used the email address thefrederic@greystar.com during the time period that Greystar California served as

SMRH:4931-3005-1676.6                    DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

the property manager for The Frederic.  Defendants deny that Greystar California currently manages The Frederic and deny the remaining allegations of paragraph 41.

### 3.    *Greystar Owned Properties*[4]

42.    Defendants deny the allegations in paragraph 42, including because they refer to "APARTMENT COMPLEXES" as defined in footnote 2 as "multifamily rental properties that Greystar manages and operates ... which are uniformly subjected to its unlawful security deposit administration scheme," and further deny the allegations relating to the term "SPEs," which relies on the definition of "APARTMENT COMPLEXES."  Defendants also deny that they own multifamily rental properties in California.

43.    Defendants deny the allegations in paragraph 43.

44.    Defendants deny the allegations of paragraph 44.

45.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 45 and on that basis deny them.

46.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 46 and on that basis deny them.

47.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 47 and on that basis deny them.

48.    Defendants lack sufficient information or knowledge regarding the remaining allegations of paragraph 48 and on that basis deny them.

49.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 49 and on that basis deny them.

50.    Defendants lack sufficient information or knowledge regarding the remaining allegations of paragraph 50 and on that basis deny them.

---

[4]    While no response to a heading is required, Defendants deny that either GREP or Greystar California own multifamily rental properties in California.

51.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 51 and on that basis deny them.

52.    Defendants lack sufficient information or knowledge regarding the remaining allegations of paragraph 52 and on that basis deny them.

53.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 53 and on that basis deny them.

54.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 54 and on that basis deny them.

55.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 55 and on that basis deny them.

56.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 56 and on that basis deny them.

57.    Defendants admit that the principal address for both GREP and Greystar California is 465 Meeting Street, Suite 500, Charleston, South Carolina. Defendants lack sufficient information or knowledge regarding the remaining allegations of paragraph 57 and on that basis deny them.

58.    Defendants lack sufficient information or knowledge regarding the remaining allegations of paragraph 58 and on that basis deny them.

59.    Defendants admit that the principal address for both GREP and Greystar California is 465 Meeting Street, Suite 500, Charleston, South Carolina. Defendants lack sufficient information or knowledge regarding the remaining allegations of paragraph 59 and on that basis deny them.

60.    Defendants admit that the principal address for both GREP and Greystar California is 465 Meeting Street, Suite 500, Charleston, South Carolina. Defendants lack sufficient information or knowledge regarding the remaining allegations of paragraph 60 and on that basis deny them.

61.    Defendants admit that the principal address for both GREP and Greystar California is 465 Meeting Street, Suite 500, Charleston, South Carolina.

SMRH:4931-3005-1676.6
DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

Defendants lack sufficient information or knowledge regarding the remaining allegations of paragraph 61 and on that basis deny them.

62. Defendants admit that the principal address for both GREP and Greystar California is 465 Meeting Street, Suite 500, Charleston, South Carolina. Defendants lack sufficient information or knowledge regarding the remaining allegations of paragraph 62 and on that basis deny them.

63. Defendants admit that the principal address for both GREP and Greystar California is 465 Meeting Street, Suite 500, Charleston, South Carolina. Defendants lack sufficient information or knowledge regarding the remaining allegations of paragraph 63 and on that basis deny them.

64. Defendants admit that the principal address for both GREP and Greystar California is 465 Meeting Street, Suite 500, Charleston, South Carolina. Defendants lack sufficient information or knowledge regarding the remaining allegations of paragraph 64 and on that basis deny them.

65. Defendants admit that the principal address for both GREP and Greystar California is 465 Meeting Street, Suite 500, Charleston, South Carolina. Defendants lack sufficient information or knowledge regarding the remaining allegations of paragraph 65 and on that basis deny them.

66. Defendants admit that the principal address for both GREP and Greystar California is 465 Meeting Street, Suite 500, Charleston, South Carolina. Defendants lack sufficient information or knowledge regarding the remaining allegations of paragraph 66 and on that basis deny them.

67. Defendants admit that the principal address for both GREP and Greystar California is 465 Meeting Street, Suite 500, Charleston, South Carolina. Defendants lack sufficient information or knowledge regarding the remaining allegations of paragraph 67 and on that basis deny them.

68. Defendants admit that the principal address for both GREP and Greystar California is 465 Meeting Street, Suite 500, Charleston, South Carolina.

SMRH:4931-3005-1676.6

Defendants lack sufficient information or knowledge regarding the remaining allegations of paragraph 68 and on that basis deny them.

69.     Defendants admit that the principal address for both GREP and Greystar California is 465 Meeting Street, Suite 500, Charleston, South Carolina. Defendants admit that Bob Faith is the Founder, Chairman, and CEO of GREP. Defendants deny that Bob Faith is the Founder, Chairman, and CEO of Greystar California.  Defendants lack sufficient information or knowledge regarding the remaining allegations of paragraph 69 and on that basis deny them.

70.     Defendants admit that the principal address for both GREP and Greystar California is 465 Meeting Street, Suite 500, Charleston, South Carolina. Defendants admit that Bob Faith is the Founder, Chairman, and CEO of GREP. Defendants deny that Bob Faith is the Founder, Chairman, and CEO of Greystar California.  Defendants lack sufficient information or knowledge regarding the remaining allegations of paragraph 70 and on that basis deny them.

71.     Defendants admit that the principal address for both GREP and Greystar California is 465 Meeting Street, Suite 500, Charleston, South Carolina. Defendants admit that Robert Faith is the Founder, Chairman, and CEO of Greystar. Defendants deny that Robert Faith is the Founder, Chairman, and CEO of Greystar California.  Defendants lack sufficient information or knowledge regarding the remaining allegations of paragraph 71 and on that basis deny them.

72.     Defendants admit that the principal address for both GREP and Greystar California is 465 Meeting Street, Suite 500, Charleston, South Carolina.

### 4.     *Other Greystar Managed Properties*

73.     Defendants deny the allegations of paragraph 73.

74.     Defendants lack sufficient information or knowledge regarding the allegations of paragraph 74 and on that basis deny them.

75.     Defendants lack sufficient information or knowledge regarding the allegations of paragraph 75 and on that basis deny them.

SMRH:4931-3005-1676.6

76.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 76 and on that basis deny them.

77.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 77 and on that basis deny them.

78.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 78 and on that basis deny them.

79.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 79 and on that basis deny them.

80.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 80 and on that basis deny them.

81.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 81 and on that basis deny them.

82.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 82 and on that basis deny them.

83.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 83 and on that basis deny them.

84.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 84 and on that basis deny them.

85.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 85 and on that basis deny them.

86.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 86 and on that basis deny them.

87.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 87 and on that basis deny them.

88.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 88 and on that basis deny them.

89.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 89 and on that basis deny them.

SMRH:4931-3005-1676.6

Case No. 3:23-cv-01729-LL-VET
DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

90. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 90 and on that basis deny them.

91. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 91 and on that basis deny them.

92. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 92 and on that basis deny them.

93. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 93 and on that basis deny them.

94. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 94 and on that basis deny them.

95. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 95 and on that basis deny them.

96. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 96 and on that basis deny them.

97. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 79 and on that basis deny them.

98. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 98 and on that basis deny them.

99. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 99 and on that basis deny them.

100. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 100 and on that basis deny them.

101. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 101 and on that basis deny them.

102. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 102 and on that basis deny them.

103. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 103 and on that basis deny them.

SMRH:4931-3005-1676.6
Case No. 3:23-cv-01729-LL-VET
DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

104.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 104 and on that basis deny them.

105.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 105 and on that basis deny them.

106.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 106 and on that basis deny them.

107.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 107 and on that basis deny them.

108.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 108 and on that basis deny them.

109.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 109 and on that basis deny them.

110.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 110 and on that basis deny them.

111.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 111 and on that basis deny them.

112.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 112 and on that basis deny them.

113.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 113 and on that basis deny them.

114.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 114 and on that basis deny them.

115.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 115 and on that basis deny them.

116.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 116 and on that basis deny them.

117.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 117 and on that basis deny them.

SMRH:4931-3005-1676.6
DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

118.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 118 and on that basis deny them.

119.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 119 and on that basis deny them.

120.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 120 and on that basis deny them.

121.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 121 and on that basis deny them.

122.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 122 and on that basis deny them.

123.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 123 and on that basis deny them.

124.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 124 and on that basis deny them.

125.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 125 and on that basis deny them.

126.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 126 and on that basis deny them.

127.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 127 and on that basis deny them.

128.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 128 and on that basis deny them.

129.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 129 and on that basis deny them.

130.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 130 and on that basis deny them.

131.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 131 and on that basis deny them.

SMRH:4931-3005-1676.6

Case No. 3:23-cv-01729-LL-VET
DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

132.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 132 and on that basis deny them.

133.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 133 and on that basis deny them.

134.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 134 and on that basis deny them.

135.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 135 and on that basis deny them.

136.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 136 and on that basis deny them.

137.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 137 and on that basis deny them.

138.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 138 and on that basis deny them.

139.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 139 and on that basis deny them.

140.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 140 and on that basis deny them.

141.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 141 and on that basis deny them.

142.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 142 and on that basis deny them.

143.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 143 and on that basis deny them.

144.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 144 and on that basis deny them.

145.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 145 and on that basis deny them.

146. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 146 and on that basis deny them.

147. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 147 and on that basis deny them.

148. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 148 and on that basis deny them.

149. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 149 and on that basis deny them.

150. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 150 and on that basis deny them.

151. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 151 and on that basis deny them.

152. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 152 and on that basis deny them.

153. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 153 and on that basis deny them.

154. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 154 and on that basis deny them.

155. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 155 and on that basis deny them.

156. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 156 and on that basis deny them.

157. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 157 and on that basis deny them.

158. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 158 and on that basis deny them.

159. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 159 and on that basis deny them.

SMRH:4931-3005-1676.6
Case No. 3:23-cv-01729-LL-VET
DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

160.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 160 and on that basis deny them.

161.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 161 and on that basis deny them.

162.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 162 and on that basis deny them.

163.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 163 and on that basis deny them.

164.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 164 and on that basis deny them.

165.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 165 and on that basis deny them.

166.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 166 and on that basis deny them.

167.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 167 and on that basis deny them.

168.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 168 and on that basis deny them.

169.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 169 and on that basis deny them.

170.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 170 and on that basis deny them.

171.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 171 and on that basis deny them.

172.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 172 and on that basis deny them.

173.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 173 and on that basis deny them.

SMRH:4931-3005-1676.6

Case No. 3:23-cv-01729-LL-VET
DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

174.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 174 and on that basis deny them.

175.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 175 and on that basis deny them.

176.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 176 and on that basis deny them.

177.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 177 and on that basis deny them.

178.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 178 and on that basis deny them.

179.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 179 and on that basis deny them.

180.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 180 and on that basis deny them.

181.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 181 and on that basis deny them.

182.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 182 and on that basis deny them.

183.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 183 and on that basis deny them.

184.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 184 and on that basis deny them.

185.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 185 and on that basis deny them.

186.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 186 and on that basis deny them.

187.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 187 and on that basis deny them.

188.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 188 and on that basis deny them.

189.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 189 and on that basis deny them.

190.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 190 and on that basis deny them.

191.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 191 and on that basis deny them.

192.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 192 and on that basis deny them.

193.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 193 and on that basis deny them.

194.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 194 and on that basis deny them.

195.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 195 and on that basis deny them.

196.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 196 and on that basis deny them.

197.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 197 and on that basis deny them.

198.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 198 and on that basis deny them.

199.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 199 and on that basis deny them.

200.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 200 and on that basis deny them.

201.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 201 and on that basis deny them.

202. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 202 and on that basis deny them.

203. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 203 and on that basis deny them.

204. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 204 and on that basis deny them.

205. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 205 and on that basis deny them.

206. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 206 and on that basis deny them.

207. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 207 and on that basis deny them.

208. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 208 and on that basis deny them.

209. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 209 and on that basis deny them.

210. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 210 and on that basis deny them.

211. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 211 and on that basis deny them.

212. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 212 and on that basis deny them.

213. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 213 and on that basis deny them.

214. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 214 and on that basis deny them.

215. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 215 and on that basis deny them.

216.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 216 and on that basis deny them.

217.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 217 and on that basis deny them.

218.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 218 and on that basis deny them.

219.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 219 and on that basis deny them.

220.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 220 and on that basis deny them.

221.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 221 and on that basis deny them.

222.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 222 and on that basis deny them.

223.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 223 and on that basis deny them.

224.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 224 and on that basis deny them.

225.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 225 and on that basis deny them.

226.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 226 and on that basis deny them.

227.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 227 and on that basis deny them.

228.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 228 and on that basis deny them.

229.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 229 and on that basis deny them.

SMRH:4931-3005-1676.6
Case No. 3:23-cv-01729-LL-VET
DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

230. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 230 and on that basis deny them.

231. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 231 and on that basis deny them.

232. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 232 and on that basis deny them.

233. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 233 and on that basis deny them.

234. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 234 and on that basis deny them.

235. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 235 and on that basis deny them.

236. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 236 and on that basis deny them.

237. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 237 and on that basis deny them.

238. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 238 and on that basis deny them.

239. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 239 and on that basis deny them.

240. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 240 and on that basis deny them.

241. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 241 and on that basis deny them.

242. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 242 and on that basis deny them.

243. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 243 and on that basis deny them.

SMRH:4931-3005-1676.6
Case No. 3:23-cv-01729-LL-VET
DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

244.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 244 and on that basis deny them.

245.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 245 and on that basis deny them.

246.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 246 and on that basis deny them.

247.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 247 and on that basis deny them.

248.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 248 and on that basis deny them.

249.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 249 and on that basis deny them.

250.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 250 and on that basis deny them.

251.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 251 and on that basis deny them.

252.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 252 and on that basis deny them.

253.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 253 and on that basis deny them.

254.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 254 and on that basis deny them.

255.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 255 and on that basis deny them.

256.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 256 and on that basis deny them.

257.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 257 and on that basis deny them.

258.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 258 and on that basis deny them.

259.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 259 and on that basis deny them.

260.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 260 and on that basis deny them.

261.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 261 and on that basis deny them.

262.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 262 and on that basis deny them.

263.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 263 and on that basis deny them.

264.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 264 and on that basis deny them.

265.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 265 and on that basis deny them.

266.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 266 and on that basis deny them.

267.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 267 and on that basis deny them.

268.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 268 and on that basis deny them.

269.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 269 and on that basis deny them.

270.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 270 and on that basis deny them.

271.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 271 and on that basis deny them.

SMRH:4931-3005-1676.6

272.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 272 and on that basis deny them.

273.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 273 and on that basis deny them.

274.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 274 and on that basis deny them.

275.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 275 and on that basis deny them.

276.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 276 and on that basis deny them.

277.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 277 and on that basis deny them.

278.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 278 and on that basis deny them.

279.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 279 and on that basis deny them.

280.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 280 and on that basis deny them.

281.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 281 and on that basis deny them.

282.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 282 and on that basis deny them.

283.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 283 and on that basis deny them.

284.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 284 and on that basis deny them.

285.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 285 and on that basis deny them.

SMRH:4931-3005-1676.6

286. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 286 and on that basis deny them.

287. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 287 and on that basis deny them.

288. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 288 and on that basis deny them.

289. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 289 and on that basis deny them.

290. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 290 and on that basis deny them.

291. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 291 and on that basis deny them.

292. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 292 and on that basis deny them.

293. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 293 and on that basis deny them.

294. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 294 and on that basis deny them.

295. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 295 and on that basis deny them.

296. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 296 and on that basis deny them.

297. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 297 and on that basis deny them.

298. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 298 and on that basis deny them.

299. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 299 and on that basis deny them.

SMRH:4931-3005-1676.6

Case No. 3:23-cv-01729-LL-VET

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

300.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 300 and on that basis deny them.

301.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 301 and on that basis deny them.

302.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 302 and on that basis deny them.

303.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 303 and on that basis deny them.

304.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 304 and on that basis deny them.

305.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 305 and on that basis deny them.

306.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 306 and on that basis deny them.

307.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 307 and on that basis deny them.

308.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 308 and on that basis deny them.

309.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 309 and on that basis deny them.

310.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 310 and on that basis deny them.

311.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 311 and on that basis deny them.

312.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 312 and on that basis deny them.

313.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 313 and on that basis deny them.

SMRH:4931-3005-1676.6
DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

314.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 314 and on that basis deny them.

315.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 315 and on that basis deny them.

316.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 316 and on that basis deny them.

317.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 317 and on that basis deny them.

318.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 318 and on that basis deny them.

319.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 319 and on that basis deny them.

320.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 320 and on that basis deny them.

321.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 321 and on that basis deny them.

322.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 322 and on that basis deny them.

323.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 323 and on that basis deny them.

324.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 324 and on that basis deny them.

325.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 325 and on that basis deny them.

326.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 326 and on that basis deny them.

327.    Defendants lack sufficient information or knowledge regarding the allegations of paragraph 327 and on that basis deny them.

328.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 328 and on that basis deny them.

329.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 329 and on that basis deny them.

330.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 330 and on that basis deny them.

331.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 331 and on that basis deny them.

332.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 332 and on that basis deny them.

333.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 333 and on that basis deny them.

334.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 334 and on that basis deny them.

335.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 335 and on that basis deny them.

336.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 336 and on that basis deny them.

337.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 337 and on that basis deny them.

338.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 338 and on that basis deny them.

339.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 339 and on that basis deny them.

340.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 340 and on that basis deny them.

341.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 341 and on that basis deny them.

SMRH:4931-3005-1676.6   DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

342. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 342 and on that basis deny them.

343. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 343 and on that basis deny them.

344. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 344 and on that basis deny them.

345. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 345 and on that basis deny them.

346. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 346 and on that basis deny them.

347. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 347 and on that basis deny them.

348. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 348 and on that basis deny them.

349. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 349 and on that basis deny them.

350. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 350 and on that basis deny them.

351. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 351 and on that basis deny them.

352. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 352 and on that basis deny them.

353. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 353 and on that basis deny them.

354. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 354 and on that basis deny them.

355. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 355 and on that basis deny them.

SMRH:4931-3005-1676.6

Case No. 3:23-cv-01729-LL-VET

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

356.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 356 and on that basis deny them.

357.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 357 and on that basis deny them.

358.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 358 and on that basis deny them.

359.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 359 and on that basis deny them.

360.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 360 and on that basis deny them.

361.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 361 and on that basis deny them.

362.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 362 and on that basis deny them.

363.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 363 and on that basis deny them.

364.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 364 and on that basis deny them.

365.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 365 and on that basis deny them.

366.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 366 and on that basis deny them.

367.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 367 and on that basis deny them.

368.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 368 and on that basis deny them.

369.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 369 and on that basis deny them.

SMRH:4931-3005-1676.6
Case No. 3:23-cv-01729-LL-VET
DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

370.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 370 and on that basis deny them.

371.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 371 and on that basis deny them.

372.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 372 and on that basis deny them.

373.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 373 and on that basis deny them.

374.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 374 and on that basis deny them.

375.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 375 and on that basis deny them.

376.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 376 and on that basis deny them.

377.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 377 and on that basis deny them.

378.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 378 and on that basis deny them.

379.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 379 and on that basis deny them.

380.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 380 and on that basis deny them.

381.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 381 and on that basis deny them.

382.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 382 and on that basis deny them.

383.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 383 and on that basis deny them.

384. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 384 and on that basis deny them.

385. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 385 and on that basis deny them.

386. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 386 and on that basis deny them.

387. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 387 and on that basis deny them.

388. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 388 and on that basis deny them.

389. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 389 and on that basis deny them.

390. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 390 and on that basis deny them.

391. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 391 and on that basis deny them.

392. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 392 and on that basis deny them.

393. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 393 and on that basis deny them.

394. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 394 and on that basis deny them.

395. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 395 and on that basis deny them.

396. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 396 and on that basis deny them.

397. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 397 and on that basis deny them.

SMRH:4931-3005-1676.6

398. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 398 and on that basis deny them.

399. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 399 and on that basis deny them.

400. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 400 and on that basis deny them.

401. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 401 and on that basis deny them.

402. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 402 and on that basis deny them.

403. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 403 and on that basis deny them.

404. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 404 and on that basis deny them.

405. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 405 and on that basis deny them.

406. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 406 and on that basis deny them.

407. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 407 and on that basis deny them.

408. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 408 and on that basis deny them.

409. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 409 and on that basis deny them.

410. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 410 and on that basis deny them.

411. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 411 and on that basis deny them.

412.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 412 and on that basis deny them.

413.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 413 and on that basis deny them.

414.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 414 and on that basis deny them.

415.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 415 and on that basis deny them.

416.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 416 and on that basis deny them.

417.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 417 and on that basis deny them.

418.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 418 and on that basis deny them.

419.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 419 and on that basis deny them.

420.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 420 and on that basis deny them.

421.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 421 and on that basis deny them.

422.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 422 and on that basis deny them.

423.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 423 and on that basis deny them.

424.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 424 and on that basis deny them.

425.   Defendants lack sufficient information or knowledge regarding the allegations of paragraph 425 and on that basis deny them.

426. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 426 and on that basis deny them.

427. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 427 and on that basis deny them.

428. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 428 and on that basis deny them.

429. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 429 and on that basis deny them.

430. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 430 and on that basis deny them.

431. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 431 and on that basis deny them.

432. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 432 and on that basis deny them.

433. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 433 and on that basis deny them.

434. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 434 and on that basis deny them.

435. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 435 and on that basis deny them.

436. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 436 and on that basis deny them.

437. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 437 and on that basis deny them.

438. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 438 and on that basis deny them.

439. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 439 and on that basis deny them.

SMRH:4931-3005-1676.6
Case No. 3:23-cv-01729-LL-VET
DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

440.  Defendants lack sufficient information or knowledge regarding the allegations of paragraph 440 and on that basis deny them.

441.  Defendants lack sufficient information or knowledge regarding the allegations of paragraph 441 and on that basis deny them.

442.  Defendants lack sufficient information or knowledge regarding the allegations of paragraph 442 and on that basis deny them.

443.  Defendants lack sufficient information or knowledge regarding the allegations of paragraph 443 and on that basis deny them.

444.  Defendants lack sufficient information or knowledge regarding the allegations of paragraph 444 and on that basis deny them.

445.  Defendants lack sufficient information or knowledge regarding the allegations of paragraph 445 and on that basis deny them.

446.  Defendants lack sufficient information or knowledge regarding the allegations of paragraph 446 and on that basis deny them.

447.  Defendants lack sufficient information or knowledge regarding the allegations of paragraph 447 and on that basis deny them.

448.  Defendants lack sufficient information or knowledge regarding the allegations of paragraph 448 and on that basis deny them.

449.  Defendants lack sufficient information or knowledge regarding the allegations of paragraph 449 and on that basis deny them.

450.  Defendants lack sufficient information or knowledge regarding the allegations of paragraph 450 and on that basis deny them.

451.  Defendants lack sufficient information or knowledge regarding the allegations of paragraph 451 and on that basis deny them.

452.  Defendants lack sufficient information or knowledge regarding the allegations of paragraph 452 and on that basis deny them.

453.  Defendants lack sufficient information or knowledge regarding the allegations of paragraph 453 and on that basis deny them.

SMRH:4931-3005-1676.6

Case No. 3:23-cv-01729-LL-VET

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

454. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 454 and on that basis deny them.

455. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 455 and on that basis deny them.

456. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 456 and on that basis deny them.

457. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 457 and on that basis deny them.

458. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 458 and on that basis deny them.

459. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 459 and on that basis deny them.

460. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 460 and on that basis deny them.

461. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 461 and on that basis deny them.

462. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 462 and on that basis deny them.

463. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 463 and on that basis deny them.

464. Defendants deny the allegations of paragraph 464, including because they refer to the term "SPEs," which relies on an inaccurate definition of "APARTMENT COMPLEXES."

### 5.    *Fictitiously Named Defendants*

465. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 465 and on that basis deny them.

466. Defendants lack sufficient information or knowledge regarding the allegations of paragraph 466 and on that basis deny them.

467.   Defendants deny the allegations of paragraph 467.

468.   Defendants deny the allegations of paragraph 468.

469.   Defendants deny the allegations of paragraph 469.

## VI.   GENERAL ALLEGATIONS

### A.   Greystar's Security Deposit Scheme

470.   Defendants admit that Greystar California manages certain multifamily rental properties in California.  Defendants further admit that on behalf of and as agent for the respective owners of those properties, Greystar California is responsible for their operation, including leasing, collection of rent, repairs and maintenance, handling resident issues, coordinating resident move-outs, and holding and administering resident security deposits pursuant to and in accordance with the terms of the respective property management agreements with the owners of those properties.  Defendants deny that these operations are uniformly handled at each property managed by Greystar California.  Defendants deny the remaining allegations of paragraph 470.

471.   Defendants deny the allegations of paragraph 471.

472.   Defendants deny the allegations of paragraph 472.

473.   Defendants deny the allegations of paragraph 473.

474.   Defendants deny the allegations of paragraph 474.

475.   Defendants deny the allegations of paragraph 475.

476.   Defendants deny the allegations of paragraph 476.

477.   Defendants deny the allegations of paragraph 477.

478.   Defendants deny the allegations of paragraph 478.

### B.   Greystar's Conduct Violates California's Security Deposit Requirements

479.   In response to paragraph 479, Defendants do not respond to the legal conclusions about Civil Code as no response is required.  To the extent a response is required, Defendants deny these allegations.

SMRH:4931-3005-1676.6

Case No. 3:23-cv-01729-LL-VET
DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

480.   In response to paragraph 480, Defendants do not respond to the legal conclusions about Section 1950.5 as no response is required.  To the extent a response is required, Defendants deny these allegations.

481.   In response to paragraph 481, Defendants do not respond to the legal conclusions about Section 1950.5 as no response is required.  To the extent a response is required, Defendants deny these allegations.

482.   In response to paragraph 482, Defendants do not respond to the legal conclusions about Section 1950.5 as no response is required.  To the extent a response is required, Defendants deny these allegations.

483.   Defendants deny the allegations of paragraph 483.

484.   Defendants deny the allegations of paragraph 484.

485.   Defendants deny the allegations of paragraph 485.

486.   Defendants deny the allegations of paragraph 486.

**C.     Greystar's Unlawful Policies Practiced on Plaintiffs**

487.   Defendants admit Plaintiff Ronnie Brooks is a former resident at the Solaire Apartments and further admit that her lease began on June 10, 2019. Defendants further admit that Plaintiff Brooks submitted a $700 security deposit to the property and that she moved out of the Solaire Apartments on May 1, 2023. Defendants deny the remaining allegations of paragraph 487.

488.   Defendants admit that Greystar California, on behalf of and as agent for the owner of Solaire Apartments, provided Plaintiff Brooks with a summary of move-out charges and a final account statement via email.  Defendants further admit that the Solaire Apartments property charged Plaintiff Brooks $235 for a cleaning fee.  Defendants deny the remaining allegations of paragraph 488 including, but not limited to, that the property was required to provide any bills, invoices, receipts, rates, or hours under Section 1950.5, because Plaintiff Brooks' $700 deposit was not used toward the cleaning fee.  The deposit was instead applied to Plaintiff Brooks' outstanding rent and utilities balance, which totaled $788.22.

489.    Defendants deny the allegations of paragraph 489.

490.    Defendants deny the allegations of paragraph 490.

491.    Defendants admit that Plaintiff Tiffany Vinson is a former resident of the Gema property and that her lease began on May 9, 2022.  Defendants further admit that Plaintiff Vinson submitted a $400 security deposit to the property and that she moved out on June 8, 2023.  Defendants deny the remaining allegations of paragraph 491.

492.    Defendants admit that Greystar California, on behalf of and as agent for the owner of the Gema property, emailed Plaintiff Vinson with a final account statement on July 6, 2023, along with a copy of her final water/sewer bill.  Defendants deny the remaining allegations of paragraph 490.  Greystar California, on behalf of and as agent for the owner of the Gema property, mailed Vinson a final account statement and refund check on June 28, 2023, prior to the expiration of the 21-day statutory period.

493.    Defendants deny the allegations of paragraph 493.

494.    Defendants admit that Vinson disputed the cleaning and utility charges in a written correspondence but deny that the property ignored the correspondence.  Greystar California, on behalf of and as agent for the owner of the Gema property, issued Vinson a full refund totaling $400, despite the fact that Vinson had an unpaid water/sewer bill.

495.    Defendants admit that Plaintiff Castner moved into Calypso Apartments and Lofts on September 20, 2019, and moved out on November 19, 2021.  Defendants admit that Castner submitted a $400 deposit.  Defendants deny the remaining allegations of paragraph 495.

496.    Defendants admit that the summary of move out charges showed a balance due of $184.42 to the property.  With respect to the allegations in paragraph 496 concerning the email communications between the property and Castner, the communications speak for themselves and no further response is required.  To the

SMRH:4931-3005-1676.6

extent that the averments in paragraph 496 explain, characterize, interpret or paraphrase the communications, the same are denied. Defendants deny the remaining allegations of paragraph 496.

497. With respect to the allegations in paragraph 497 concerning the email communications between Martha Player and Castner, the communications speak for themselves and no further response is required. To the extent that the averments in paragraph 497 explain, characterize, interpret or paraphrase the communications, the same are denied. Defendants deny the remaining allegations of paragraph 497.

498. Defendants deny the allegations of paragraph 498, in particular because Castner was not entitled to the return of her deposit. Castner failed to pay the property for her base rent, utilities, and amenities at the time she moved out. There was also substantial damage to the walls and carpet that needed to be repaired.

499. Defendants admit that Plaintiff Seigal was a resident of The Breakwater between March 11, 2022 and March 16, 2023. Defendants admit that Seigal submitted a security deposit to The Breakwater property in the amount of $2,437.50 at the commencement of her tenancy. Defendants deny the remaining allegations of paragraph 499.

500. Defendants deny the allegations of paragraph 500.

501. With respect to the allegations in paragraph 501 relating to Seigal's email, the email speaks for itself and no further response is required. To the extent that the averments in paragraph 501 explain, characterize, interpret or paraphrase the email, the same are denied.

502. With respect to the allegations in paragraph 502 relating to Seigal's email, the email speaks for itself and no further response is required. To the extent that the averments in paragraph 502 explain, characterize, interpret or paraphrase the email, the same are denied.

503. With respect to the allegations in paragraph 503 relating to Seigal's email, the email speaks for itself and no further response is required. To the extent

SMRH:4931-3005-1676.6

that the averments in paragraph 503 explain, characterize, interpret or paraphrase the email, the same are denied.

504. With respect to the allegations in paragraph 504 relating to email communications, the emails speak for themselves and no further response is required. To the extent that the averments in paragraph 504 explain, characterize, interpret or paraphrase the email, the same are denied.

505. With respect to the allegations in paragraph 502 relating to the Assistant Community Manager's email, the email speaks for itself and no further response is required. To the extent that the averments in paragraph 505 explain, characterize, interpret or paraphrase the email, the same are denied.

506. Defendants admit that Greystar California, on behalf of and as agent for the owner of The Breakwater property, sent Seigal a check in the amount of $732.59. With respect to the allegations in paragraph 506 relating to any statements on the check or move out documents, the documents speak for themselves and no further response is required. To the extent that the averments in paragraph 506 explain, characterize, interpret or paraphrase the documents, the same are denied. Defendants deny the remaining allegations of paragraph 506.

507. Defendants deny the allegations of paragraph 507.

508. Defendants admit that Plaintiff Blount was a former resident at The Frederic property located at 601 Capitol Mall, Unit No. 321, Sacramento, California 95814. Defendants admit that Blount commenced her lease on July 1, 2022, and moved out on July 1, 2023. Defendants deny the remaining allegations of paragraph 508.

509. With respect to the allegations in paragraph 509 relating to the final account statement, the document speaks for itself and no further response is required. To the extent that the averments in paragraph 509 explain, characterize, interpret or paraphrase the document, the same are denied.

510. Defendants deny the allegations of paragraph 510.

SMRH:4931-3005-1676.6

Case No. 3:23-cv-01729-LL-VET
DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

511. Defendants admit that the final account statement shows Blount is owed a refund of $1,002.71, but deny that Greystar California, on behalf of and as agent for the owner of The Frederic property, did not mail her a check for the refund. Greystar California, on behalf of and as agent for the owner of The Frederic property, mailed Blount a check in the amount of $1,002.71 to the forwarding address that Blount provided on her Notice to Vacate form. Defendants lack sufficient information or knowledge regarding the remaining allegations of paragraph 511 and, on that basis, deny them.

512. Defendants deny the allegations of paragraph 512.

## VII.  CLASS ACTION ALLEGATIONS

513. In response to paragraph 513, Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and on behalf of a purported class, but deny that a class should be certified here.

514. In response to paragraph 514, Defendants admit that Plaintiffs propose class and subclass definitions, but deny that a class should be certified here.

515. In response to paragraph 515, Defendants admit that Plaintiffs purport to reserve their rights to amend the class and subclass definitions and to add additional subclasses, but deny that any class should be certified here.

516. Defendants deny the allegations of paragraph 516.

## VIII.  CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**Unlawful Retention of Residential Security Deposits**
**(California Civil Code § 1950.5)**
**(By Plaintiffs and All Classes Against All Defendants)**

517. Though no response is required as to paragraph 517, Defendants incorporate their previous responses.

518. In response to paragraph 518, Defendants admit that Plaintiffs purport to bring a cause of action under Section 1950.5 on behalf of themselves and a purported class, but deny that a class should be certified here.

-47-

519. Defendants deny the allegations of paragraph 519.

520. Defendants deny the allegations of paragraph 520.

521. Defendants deny the allegations of paragraph 521.

522. Defendants deny the allegations of paragraph 522.

523. Defendants deny the allegations of paragraph 523.

524. Defendants deny the allegations of paragraph 524.

525. Defendants deny the allegations of paragraph 525.

## SECOND CLAIM FOR RELIEF
### Unfair Competition
### (California Business and Professions Code §§ 17200, *et seq.*)
### (By Plaintiffs and All Classes Against All Defendants)

526. Though no response is required as to paragraph 526, Defendants incorporate their previous responses.

527. In response to paragraph 527, Defendants admit that Plaintiffs purport to bring a cause of action under Unfair Competition Law (the "UCL") on behalf of themselves and a purported class, but deny that a class should be certified here.

528. In paragraph 528, Plaintiffs allege legal conclusions for which no response is required.

529. In paragraph 529, Plaintiffs allege legal conclusions for which no response is required. Defendants deny the remaining factual allegations.

530. Defendants deny the allegations of paragraph 530.

531. Defendants deny the allegations of paragraph 531.

532. Defendants deny the allegations of paragraph 532.

533. Defendants deny the allegations of paragraph 533.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any relief in connection with the allegations set forth in the TAC, including without limitation, the relief sought in the WHEREFORE clause, paragraphs 1-10.

SMRH:4931-3005-1676.6

## AFFIRMATIVE DEFENSES

Defendants assert the following separate and distinct affirmative defenses as a preliminary response to Plaintiffs' TAC, to preserve Defendants' rights, and to preclude any claim of waiver.  None of the allegations supporting these affirmative defenses should be construed as any admission by Defendants regarding the facts relevant to this action.  By alleging these affirmative defenses, Defendants do not admit that they have the burden of proof and/or persuasion with respect to any of the matters stated in the affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

*Failure to State a Claim*

Plaintiffs fail to allege facts sufficient to state a claim or any cause of action against Defendants.  Defendants did not violate Section 1950.5.  GREP does not own any multifamily rental properties and it does not manage any multifamily rental properties.  Greystar California's policies, practices, and procedures fully complied with the statute at all relevant times and for all relevant purposes.  In particular, Greystar California provides each resident with a copy of an itemized statement listing any charges against the resident's security deposit, along with any refund of the deposit, within 21 days of the resident vacating the leased premises.  When any cleaning, repair, and/or replacement charges against a security deposit together exceed $125, Greystar California also properly substantiates those charges.  If Greystar California's agents performed the work relating to any charge, the itemized statement reasonably describes the work performed and includes the time spent by the agent and the reasonable hourly rate charged for the work.  If a third-party vendor performed any work, Greystar California provides the resident a copy of the vendor's bill, invoice, or receipt for the work, along with the itemized statement. The itemized statement or the vendor's invoice contains the vendor's name, address, and telephone number.

-49-    Case No. 3:23-cv-01729-LL-VET

SMRH:4931-3005-1676.6    DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

If any work cannot be completed within 21 days of move-out, or Greystar California does not have a copy of the vendor's invoice by the time it sends the resident his or her move-out package, Greystar California, on behalf of and as agent for the owner of the property, deducts the amount of a good faith estimate of the charge and provides that estimate along with the itemized statement.  When Greystar California eventually receives the vendor's invoice, it timely sends that invoice to the resident.  Greystar California also provides appropriate documentation for any materials or supplies deducted against security deposits.  For these same reasons, Plaintiffs' fail to allege a cognizable injury-in-fact.

Plaintiffs' UCL claim is wholly derivative of the Section 1950.5 claims and fails for the same reasons.  Additionally, Plaintiffs are not entitled to seek equitable relief because they are seeking damages under Section 1950.5.

## SECOND AFFIRMATIVE DEFENSE

### *Failure to Join Indispensable Parties*

Plaintiffs failed to join necessary and indispensable parties to this action, including all owners of all properties affected by Plaintiffs' class action claims. Residents pay security deposits to owners pursuant to lease contracts with owners, and any balances owing after move out are owed to owners, not to Defendants.

## THIRD AFFIRMATIVE DEFENSE

### *Improperly Named Defendants*

GREP should not be named in this action as it does not own any multifamily rental properties and it does not manage any multifamily rental properties.

## FOURTH AFFIRMATIVE DEFENSE

### *Compliance with the Law*

At all relevant times, Greystar California's policies, practices, and procedures complied, or substantially complied, with the UCL and Section 1950.5, including providing an itemized statement and returning any remaining security within 21

SMRH:4931-3005-1676.6
Case No. 3:23-cv-01729-LL-VET
DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

calendar days after residents vacate their units.  Accordingly, Defendants are shielded from any liability alleged in the TAC.

### FIFTH AFFIRMATIVE DEFENSE

*Good-Faith Estimates and Prompt Supplementation*

To the extent any invoice or receipt was not in Greystar California's possession within 21 days or repairs could not reasonably be completed within that period, Greystar California provided a good-faith estimate with the itemized statement and then completed the statutory documentation within 14 calendar days of receipt of vendor documents or completion of repairs.  Greystar California acted in conformity with the law and/or provided reasonable alternative documentation permissible under Section 1950.5.

### SIXTH AFFIRMATIVE DEFENSE

*Permissible Deductions*

Any deductions Greystar California made to security deposits were only for amounts reasonably necessary for purposes authorized by Section 1950.5, including unpaid rent; repairs beyond ordinary wear and tear; cleaning necessary to return the unit to the level of cleanliness at inception; and the restoration/replacement of personal property/appurtenances if authorized by the lease.  Greystar California did not assert claims for preexisting conditions, ordinary wear and tear, or the cumulative effects of ordinary wear and tear.

### SEVENTH AFFIRMATIVE DEFENSE

*Complained-of Documentation Not Required for Many Residents*

A number of residents exhaust their entire security deposit for their "default in the payment of rent," an expressly authorized "purpose" under Section 1950.5(b)(1).  Accordingly, costs for things like cleaning, painting, repairs, etc., are not "deducted" from security deposits, they are merely charged to residents, and therefore certain documentation (e.g., "bill, invoice, or receipt supplied by the

SMRH:4931-3005-1676.6

person or entity performing the work") is not required.  *See* Civ. Code § 1950.5(h)(4)(A).

## EIGHTH AFFIRMATIVE DEFENSE

*Presumption of Mailing*

Greystar California mailed itemizations and documents to the address provided by the resident, or if none, to the vacated unit, consistent with § 1950.5(h)(6).  Any alleged non-receipt not attributable to Greystar California's failure to comply with mailing requirements does not establish statutory noncompliance.

## NINTH AFFIRMATIVE DEFENSE

*No Bad Faith*

Defendants did not act in bad faith under Section 1950.5.  Any alleged delay, defect in documentation, or use of estimates was consistent with statutory procedures and/or promptly cured.  Greystar California acted reasonably at all times and had a good-faith basis for any deductions and documentation practice used.  Plaintiffs therefore cannot establish the statutory predicate for disallowing any claim to the security due to alleged bad-faith noncompliance or for imposing statutory bad-faith damages.

## TENTH AFFIRMATIVE DEFENSE

*UCL Restitution Limits*

Plaintiffs are seeking damages under Section 1950.5 and are therefore barred from seeking equitable relief under the UCL.

## ELEVENTH AFFIRMATIVE DEFENSE

*No Standing*

Plaintiffs and/or the putative class(es) lack standing to recover anything from Defendants because they have not suffered an injury-in-fact.  First, a number of residents did not pay security deposits, as they have deposits paid for them by

employers, family members, roommates, public assistance programs, etc. and, therefore, were not harmed by any of the actions alleged in the TAC.

Second, in some instances, Greystar California, on behalf of and as agent for the owner of the property, waives charges, and remits amounts, deducted from residents' security deposits.

Third, a number of residents exhaust their entire security deposit for their "default in the payment of rent," an expressly authorized "purpose" under Section 1950.5(b)(1). These residents are not members of any putative class alleged in the TAC and lack standing to bring any of the claims as alleged in the TAC.

Fourth, Greystar California's policies, practices, and procedures relating to the administration of security deposits did not – and do not – violate any statutes; and Plaintiffs have suffered no cognizable harm because of how their security deposits were handled by Greystar California. At most, the claims Plaintiffs assert amount to no more than "informational injuries," which are not actionable under the law.

Fifth, residents that are not "natural persons" (e.g., corporate entities, partnerships, firms, associations, LLCs, etc.) lack standing to sue under Section 1950.5 because they do not use the rental units as their "dwelling," as required by Section 1950.5(a). These residents further lack standing to sue under the UCL because there is no violation of any law to support a UCL claim.

**TWELFTH AFFIRMATIVE DEFENSE**

*No Standing for Equitable Relief*

Plaintiffs lack standing to seek injunctive relief under the UCL because they are former residents and cannot show a real and immediate threat of repeated injury.

**THIRTEENTH AFFIRMATIVE DEFENSE**

*Arbitration / Class Action Waiver*

Plaintiffs are barred from asserting any claims on behalf of those putative class members whose claims are subject to an enforceable arbitration provision and

class action waiver.  To the extent any putative class member is subject to an enforceable arbitration agreement and/or class action waiver, those claims may not be asserted in this action and must be compelled to arbitration or excluded, consistent with Plaintiffs' own narrowing of the class definitions.

### FOURTEENTH AFFIRMATIVE DEFENSE

*Validity*

Greystar California's policies, practices, and procedures relating to the administration of security deposits, including their conduct as alleged in Plaintiffs' TAC, are valid under applicable law, including Section 1950.5 and the UCL. Accordingly, Defendants are shielded from any liability alleged in the TAC.

### FIFTEENTH AFFIRMATIVE DEFENSE

*Offsets*

As a matter of law, any damages claimed by Plaintiffs must be offset and/or mitigated by the amounts Plaintiffs owe to the respective properties (e.g., unpaid rent, unpaid amenities, unpaid utilities, etc.) and/or by the amount of damages they caused to the respective properties.

### SIXTEENTH AFFIRMATIVE DEFENSE

*Estoppel*

The doctrine of estoppel bars Plaintiffs from recovering anything against Defendants.  Plaintiffs contractually agreed to pay the security deposits they paid to the owners of the properties managed by Greystar California, and Plaintiffs chose to enter into lease agreements which authorizes the property owners to retain all or some of resident security deposits for cleaning, repair work, and any other charges. Specifically, Plaintiffs agreed that they would thoroughly clean the leased units, including doors, windows, furniture, bathrooms, kitchen appliances, patios, balconies, garages, carports, and storage rooms.  Plaintiffs agreed that if they did not adequately clean their units, they would be liable for reasonable cleaning charges. Plaintiffs are, thus, estopped from challenging the amounts Greystar California, as

agent for and on behalf of the property owners, contended were owed and/or are owing to the respective property owners.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### *Unclean Hands*

The doctrine of unclean hands bars Plaintiffs from recovering anything against Defendants.  In particular, Plaintiffs' claims are barred, in whole or in part, by their own inequitable or wrongful conduct, including but not limited to their numerous breaches of their applicable lease agreements, which include leaving their units in disrepair and/or a condition they were not in at move-in and failing to pay all amounts due and owing to the respective properties pursuant to the applicable lease agreements.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### *Waiver*

The doctrine of waiver, including but not limited to, any applicable waiver in Plaintiffs' applicable lease agreements, bars Plaintiffs from recovering anything against Defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

### *Voluntary Payment*

The voluntary payment doctrine bars Plaintiffs and the putative class from recovering anything against Defendants.  Specifically, Plaintiffs and the putative class cannot recover money which they have voluntarily paid with full knowledge of the material facts.  For example, some putative class members chose to vacate their units early and to not adequately clean them, or repair various damaged items in the units (e.g., blinds), and, therefore, cannot complain that their security deposits were used to reimburse the respective property for those costs.

## TWENTIETH AFFIRMATIVE DEFENSE

*Contributory Negligence / Fault of Plaintiffs*

The intentional acts, negligence, carelessness, lack of due care, fault and/or unreasonable conduct of Plaintiffs contributed in whole or in part to any alleged damages (e.g., resident-caused damage beyond ordinary wear and tear).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

*Fault of Third Parties*

If Plaintiffs sustained any injury or are entitled to any damages under the circumstances alleged in the TAC, or in any other respect, it is possible the intentional acts, negligence, carelessness, lack of due care, fault and/or unreasonable conduct of third parties contributed in whole or in part to such damages (e.g., the cost of cleaning and repairing Plaintiffs' unit, the failure to provide invoices for work and/or the failure to timely provide invoices for their work, the failure of postal services, etc.).  Defendants are entitled to a judicial determination of the proportion of fault of those third parties and to a reduction of damages, if any, awarded to Plaintiffs in proportion to that fault.  Discovery is ongoing.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

*Superseding Cause*

The damages sustained by Plaintiffs, if any, were the result of actions by Plaintiffs or by third parties constituting an intervening or superseding cause precluding any liability on the part of Defendants.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

*Failure to Mitigate / Doctrine of Avoidable Consequences*

Plaintiffs and putative class members failed to mitigate their damages, including by declining initial inspections, not curing identified deficiencies pre-move-out, failing to provide accurate forwarding addresses, or not timely requesting documentation under Section 1950.5(h)(5).  Their claims are barred, or their recovery should be reduced, pursuant to the doctrine of avoidable consequences.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

*Consent*

Plaintiffs consented to the actions of which they now complain.  Plaintiffs expressly acknowledged and agreed that their security deposits shall be applied and accounted for in accordance with the provisions of Section 1950.5.  That was done here by Greystar California as agent for and on behalf of the respective property owners.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

*Justification*

Defendants' actions were justified and, thus, are shielded from liability.  Specifically, Greystar California, as agent for and on behalf of the respective property owners, applied Plaintiffs' security deposits in accordance with the terms of their applicable lease agreements and the provisions of Section 1950.5 – i.e., to reimburse the property owner "for any purpose … including but not limited to" unpaid rent, cleaning costs, repairs, utility charges, etc.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

*No Restitution*

Defendants were not unjustly enriched and Plaintiffs have not suffered any losses.  Thus, Plaintiffs are not entitled to any disgorgement or restitution.  Notably, deductions were authorized and reasonable.  Greystar California, as agent of and on behalf of the respective property owners, only deducted amounts from Plaintiffs' security deposits to cover unpaid rent, unpaid utility fees, unpaid amenities, and to return their units to the same level of cleanliness or the same condition they were in at move-in.  The costs of any cleaning, painting, and/or repair charges were generally paid to third parties, meaning those amounts deducted from a resident's security deposit were not retained by the property or Greystar California.  Further, for many residents, the turnover costs the property incurred exceeded the amounts

-57-

deducted from residents' deposits. Many residents owe the respective properties far more than what was able to be recouped from their security deposits.

Finally, because Plaintiffs are seeking damages under Section 1950.5, restitution is unavailable or inappropriate.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

*Res Judicata / Collateral Estoppel*

Plaintiffs' claims, and those of any of the proposed members of the putative class, are barred to the extent that a court of competent jurisdiction already determined the claims or issues asserted herein.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

*No Damages*

Plaintiffs have not suffered, nor will they suffer, any injury from any alleged act of or omission by Defendants. Plaintiffs owe the properties and property owners more than what was able to be recouped from their security deposits by Greystar California, as agent for and on behalf of the respective property owners. And to the extent Plaintiffs' claims are based on Greystar California not providing them with statutorily-compliant "invoices" for the work performed in their units after move-out, Plaintiffs have not shown and cannot show any actual damages attributable to the documents they received.

Further, Plaintiffs cannot pursue claims under either Section 1950.5 or the UCL for alleged non-economic "informational" injuries. Moreover, a number of residents exhausted their entire security deposit to compensate the properties for the residents' "default in the payment of rent," an expressly authorized "purpose" under Section 1950.5(b)(1). These residents were not harmed and cannot be part of any class or subclass alleged in the TAC. Finally, residents that are not "natural persons" (e.g., corporate entities, partnerships, firms, associations, LLCs, etc.) lack standing to sue under Section 1950.5 because they do not use the rental units as their "dwelling," as required by Section 1950.5, subd. (a). These residents further lack

standing to sue under the UCL because there is no violation of any law to support a UCL claim.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

*Ratification*

Plaintiffs' claims are barred because Plaintiffs ratified the conduct complained of in their TAC.

### THIRTIETH AFFIRMATIVE DEFENSE

*No Fraud or Deceptive Practices*

Defendants did not defraud Plaintiffs or engage in any deceptive practices. In particular, there was no intent to defraud Plaintiffs and the charges deducted from Plaintiffs' security deposits were disclosed to Plaintiffs and reflected costs the properties incurred internally, charges that Greystar California in good faith estimated the properties would incur, and/or amounts the properties had to incur via payment to third parties to restore units to their move-in condition after residents vacated. Finally, Plaintiffs cannot show that they relied to their detriment on any representations by Greystar California relating to their security deposits.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

*Impermissible Failsafe Classes*

The class or subclasses alleged by Plaintiffs are impermissible failsafe classes because class membership is defined by reference to the alleged wrongful conduct and ultimate liability determinations, such that only those persons entitled to relief are members, and those who are not entitled to relief are excluded.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

*Inadequate Class Representatives*

One or more of Plaintiffs are inadequate class representatives for a number of reasons, including but not limited to the fact that they did not have any portion of their security deposit retained for a purpose not authorized by Section 1950.5. Discovery is ongoing.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

*Proposed Class and Subclasses Are Not Ascertainable*

The proposed classes and subclasses are not ascertainable without individualized review and are unmanageable given resident-by-resident differences in conditions, inspections, cure opportunities, reasonableness of work, timing of repairs, use of estimates and 14-day supplementation, applicability of Section 1950.5(h)(4)'s exceptions and waivers, and mailing/delivery issues.

Further, to the extent the proposed classes are based on identifying those putative class members who never received any form of documentation provided by third-party vendors relating to cleaning and/or repair charges for a unit after move-out, and/or finding those putative class members that may have received an initial move-out package containing purchase orders only and did not later receive invoices, and the charges against the putative class members' deposits were not waived and credited back, there is no way to make that determination on a class-wide basis.

There is no class-wide method to track what documents were received by former residents or identify the former residents that meet the class definition. In addition, determining whether any amounts retained against a security deposit were for cleaning, painting, or repair work that were not reasonably necessary would be impossible to ascertain without analyzing every record in the resident file and the condition of each unit at move-out.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

*No Uniform Practice / No Superiority*

Plaintiffs allege an enterprise-wide "standardized" practice, but deposit administration turns on individualized facts: each resident's move-in condition, move-out condition, unit-specific repairs and cleaning, ordinary wear and tear, whether the resident requested an initial inspection, what was identified at that inspection, whether repairs were reasonably necessary, the documentation provided

SMRH:4931-3005-1676.6
DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

and when, whether estimates were used and supplemented within 14 days, the mailing address used, whether a Section 1950.5(h)(4) exception or waiver applies, and whether the resident requested documents within 14 days under Section 1950.5(h)(5).  Moreover, a number of residents exhaust their entire security deposit for their "default in the payment of rent," an expressly authorized "purpose" under Section 1950.5(b)(1), meaning there are no "deductions" from deposits for cleaning/painting/repair charges and those residents would not be members of a putative class alleged in the TAC.  These individualized determinations defeat the claim that Defendants employed a single, uniform, unlawful practice across properties and residents.

Furthermore, because Plaintiffs request "statutory double damages for bad-faith retention of security deposits" under Section 1950.5, Defendants are entitled to prove "the reasonableness of the amounts claimed" for each putative class member. This would result in an unfeasible number of mini-trials.  Accordingly, Plaintiffs cannot establish predominance.

For the same reasons, a class action is not a superior or manageable method of adjudicating Plaintiffs' claims.  These claims are better suited for small claims court, as each resident's move-out situation is unique and would require an extensive review of individual files to determine reasonableness and liability.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

*No Typicality*

Plaintiffs' individual claims are not typical of the proposed class(es). Defendants can raise unique defenses as to several of the Plaintiffs.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

*Mootness*

To the extent Greystar California issued refunds/credits or provided follow-up documentation within the statutory 14-day supplementation period, or otherwise

cured alleged issues, claims are moot in whole or in part, and prospective relief is unwarranted.

## RESERVATION OF RIGHT TO FURTHER AMEND

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses.  Defendants reserve the right to further amend this Answer to incorporate additional affirmative defenses or further factual support at a later time.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief as follows:

1.     That Plaintiffs and the proposed members of the putative class take nothing by this action;

2.     That judgment be entered in Defendants' favor and against Plaintiffs and the proposed members of the putative class;

3.     That Defendants be awarded their reasonable costs and, if applicable, fees; and

4.     That Defendants be awarded such other and further relief as this Court deems just and proper.

Dated:  September 11, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By        */s/ Lisa Yun Pruitt*
LISA YUN PRUITT
lpruitt@sheppardmullin.com

Attorneys for Defendants
GREYSTAR REAL ESTATE PARTNERS, LLC
and GREYSTAR CALIFORNIA, INC.

SMRH:4931-3005-1676.6

Case No. 3:23-cv-01729-LL-VET
DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT