**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RONNIE BROOKS, LAURA SEIGEL; TIFFANY VINSON, PHILIP MCGILL, ANNIE CASTNER, CHERELLE BLOUNT, *individually, and on behalf of all others similarly situated*; and ROES 1 through 100, *inclusive*, | Case No.: 3:23-cv-01729-LL-VET **ORDER GRANTING JOINT MOTION TO CONTINUE SCHEDULING ORDER** |
| Plaintiffs, | |
| v. | **[ECF No. 80]** |
| GREYSTAR REAL ESTATE PARTNERS, LLC, a Delaware Limited Liability Company; GREYSTAR CALIFORNIA, INC., a Delaware Corporation; et al., | |
| Defendants. | |

Before the Court is the Parties' Renewed Joint Motion to Continue Scheduling Order Regulating Putative Class Discovery and Setting Deadline for Motion for Class Certification ("Joint Motion"). ECF No. 80. The parties propose extending all deadlines by approximately 4 months. *Id*. at 6–7. The parties explain that they have been diligently litigating the case but "Greystar has…faced a number of difficulties gathering certain other

1

information and documents." *Id*. at 4. For the reasons described below, the Court **GRANTS** the parties' Joint Motion.

## I.      LEGAL STANDARD

In determining whether to modify a scheduling order, the Court considers the "good cause" standard set forth in Federal Rule of Civil Procedure 16(b)(4). Fed. R. Civ. P. 16(b)(4). Pursuant to Rule 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent." *Id.* (emphasis added); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("the pretrial scheduling order can only be modified upon a showing of good cause"). Rule 16(b)(4)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Learjet, Inc. v. Oneok, Inc.* (*In re W. States Wholesale Natural Gas Antitrust Litig.*), 715 F.3d 716, 737 (9th Cir. 2013). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing to Fed. R. Civ. P. 16 advisory committee's notes on the 1983 amendment); *see also Zivkovic*, 302 F.3d at 1087. The focus of the inquiry is upon the moving party's reasons for seeking modification. *Id*; *Adrian v. OneWest Bank, FSB*, 686 Fed. Appx. 403, 405 (9th Cir. 2017) (applied to joint motions); *Neidermeyer v. Caldwell*, 718 Fed. Appx. 485, 489 (9th Cir. 2017) (moving party did not show good cause when he "offered no explanation for his undue delay").

Further, the required showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See, e.g., Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010); *Krohne Fund, LP v. Simonsen*, 681 Fed. Appx. 635, 638 (9th Cir. 2017); *Lyles v. Dollar Rent a Car, Inc.*, 849 Fed. Appx. 659, 661 (9th Cir. 2021). "If the moving party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609; *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017) (same). Further, Civil Local Rule 16.1(b) requires that all counsel "proceed

with diligence to take all steps necessary to bring an action to readiness for trial." CivLR 16.1(b).

## II.    ANALYSIS

The Court's Scheduling Order was issued on November 19, 2025. ECF No. 67. In the Joint Motion, the parties describe the discovery efforts that have taken place to date including, serving and responding to interrogatories, requests for production, and requests for admission. ECF No. 80 at 3–4. The parties also represent that they have been working together to resolve discovery disputes and provide supplemental responses to discovery requests. *Id*. at 4. In addition, collecting certain information has been difficult for Greystar, in part because there are over 1,000 properties subject to this lawsuit and Greystar does not own and/or manage many of those parties. *Id*. The parties also anticipate that conducting the Rule 30(b)(6) deposition of Greystar California will require the testimony of five to seven different individuals to adequately answer questions on the various topics identified in Plaintiffs' Rule 30(b)(6) deposition notice. *Id*. at 5–6. The parties are currently working on identifying those specific individuals and scheduling their depositions. *Id*. at 6.

The Court recognizes the complexity of the discovery in this case due, in part, to the large number of properties at issue. Additionally, the Court appreciates the parties' efforts to work together and resolve discovery disputes without Court intervention. Accordingly, the Court **GRANTS** the parties' Joint Motion. However, absent extraordinary circumstances, no further continuances shall be granted.

## III.    AMENDED SCHEDULING ORDER

The Court **AMENDS** the operative scheduling order (ECF No. 67) as follows:

1.    No later than **July 20, 2026**, the parties shall designate their respective experts for class certification in writing. The date for exchange of rebuttal experts for class certification shall be no later than **August 3, 2026**. The written designations shall include the name, address and telephone number of each expert and a reasonable summary of the testimony the expert is expected to provide, including any summary of facts and opinions

3:23-cv-01729-LL-VET

required by Fed. R. Civ. P. 26(a)(2)(C). The list shall also include the normal rates the expert charges for deposition and trial testimony.

2.    No later than **September 4, 2026**, each party shall comply with Rule 26(a)(2)(A) and (B) disclosure provisions regarding experts for class certification.

3.    No later than **September 18, 2026**, the parties shall supplement their disclosures regarding contradictory or rebuttal evidence for class certification under Rule 26(a)(2)(D) and 26(e).

4.    Fact and class discovery are not bifurcated; however, all discovery related to class certification must be completed by **October 5, 2026**. "Completed" means that all discovery under Fed. R. Civ. P. 30-36, and discovery subpoenas under Fed. R. Civ. P. 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer regarding all discovery disputes in compliance with Local Rule 26.1(a). The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall follow the procedures governing discovery disputes set forth in Judge Torres' Civil Chambers Rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court.**

5.    Plaintiffs must file a motion for class certification by **November 20, 2026**. In the event no such motion is filed, Plaintiffs must notify the Court via email (efile_torres@casd.uscourts.gov) **within three (3) days** after the expiration of the class certification motion deadline.

6.    The parties must jointly contact the Court via email (efile_torres@casd.uscourts.gov) **within three (3) days** of a ruling on the motion for class certification to arrange a further case management conference.

3:23-cv-01729-LL-VET

7.    In the event the parties believe a settlement conference before Magistrate Judge Valerie E. Torres would be productive prior to the filing of a motion for class certification, the parties shall jointly contact the Court via email (efile_Torres@casd.uscourts.gov) to schedule a Settlement Conference.

8.    The parties must review the chambers' rules for the assigned district judge and magistrate judge.

9.    Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

10.    Plaintiff shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: March 25, 2026

_____
Honorable Valerie E. Torres
United States Magistrate Judge

5

3:23-cv-01729-LL-VET